UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANTHONY LAPORTE,

    Plaintiff,

vs.                                CASE NO.:

ST. PETERSBURG COLLEGE,
BOARD OF TRUSTEES,

    Defendant.
_____

**COMPLAINT AND DEMAND FOR JURY TRIAL
AND REQUEST FOR IMMEDIATE INJUNCTIVE RELIEF**

The Plaintiff, ANTHONY LAPORTE, sues the Defendant, ST. PETERSBURG COLLEGE BOARD OF TRUSTEES, and alleges as follows:

1. This is an action to redress discrimination based upon disability pursuant to the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*, (ADA) and the Florida Civil Rights Act, §760.01, *et seq.*, Florida Statutes, (FCRA) and for immediate injunctive relief.

Parties

2. Plaintiff is a resident of Hillsborough County, Florida, who, at all times relevant to this action, was an employee of the Defendant.

3. Plaintiff was employed by the Defendant during all times relevant to this action and was/is Defendant's employee within the meaning of 42 U.S.C. §12111(4) and the FCRA.

*LaPorte v. St. Petersburg College Board of Trustees*; CPLS FILE 4740-1
Complaint and Demand for Jury Trial; Page 2

4. The Defendant is a political subdivision of the State of Florida in the geographical jurisdiction of this Court, and is an "employer" as that term is defined in the ADA and the FCRA.

## Venue and Jurisdiction

5. Venue is appropriate in this Court because all or a majority of the conduct that led to this action occurred in Pinellas County.

6. Jurisdiction is appropriate in this Court pursuant to U.S.C. §1331 and the ADA. Supplemental jurisdiction over the state law claims is appropriate in this Court pursuant to U.S.C. §1367.

## Relevant Facts

7. Plaintiff is disabled, as defined by the relevant statutes and/or case law.

8. Recently, after the Plaintiff submitted a request for a reasonable accommodation due to his disability, the Defendant granted him authorization to permanently teach his courses remotely.

9. However, on or around September 19, 2022, the Defendant notified the Plaintiff that his request was being "audited."

10. Plaintiff was subsequently notified that his request was deemed denied and he would be required to return to work on campus.

11. The Defendant denied Plaintiff's request for a reasonable accommodation, without individual consideration.

12. The Plaintiff will suffer irreparable damage should the Defendant continue to deny his request for reasonable accommodation.

13. Continuing to work on campus is contrary to the advice of Plaintiff's health care providers and puts him at a greater risk of injury, illness, or worse.

14. Monetary damages will not compensate the Plaintiff should he be required to work on campus and is injured, suffers from illness or worse.

## COUNT I: DISABILITY DISCRIMINATION

15. The Plaintiff incorporates Paragraphs 1-11 as if fully rewritten herein.

16. The Plaintiff was treated less favorably than co-workers who were not members of his protected class. Specifically, but not as a limitation, the Plaintiff was required to facilitate courses online from campus while others, including adjuncts, were permitted to teach remotely.

17. The Plaintiff's disability(ies) were a determining factor in the decision to deny the his request for reasonable accommodation to work remotely. Such conduct violates the ADA and the FCRA.

18. As a direct and proximate result of the Defendant's unlawful conduct, the Plaintiff has suffered, and may continue to suffer, the loss of income and loss of potential employment opportunities. The Plaintiff also suffered and continue to suffer, mental anguish, emotional distress, and embarrassment, as a result of the Defendant's unlawful conduct.

19. Plaintiff has exhausted all requisite administrative remedies prior to bringing this action. Specifically, the Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission and has

received a Notice of Right to Sue. (A copy of the Notice of Right to Sue is attached hereto as Exhibit 1) The Plaintiff brings this action more than one hundred eighty days after filing the Charge of Discrimination and within ninety days of receiving the Notice of Right to Sue.

WHEREFORE, based upon the foregoing, the Plaintiff prays:

a. That the Court take jurisdiction over this action;

b. That the Court award the Plaintiff his lost pay and benefits caused by the Defendant's unlawful conduct;

c. That the Court award the Plaintiff compensatory damages for his mental anguish;

d. That the Court award the Plaintiff a reasonable attorney's fees and costs in bringing this action.

## COUNT II: RETALIATION

20. The Plaintiff incorporates Paragraphs 1-11 as if fully rewritten herein.

21. After the Plaintiff engaged in a protected activity, i.e., requesting a reasonable accommodation based upon his disability, the Defendant retaliated against him for doing so.

22. Specifically, but not as a limitation, the Defendant did not allow the Plaintiff to teach one of the courses he had previously been teaching.

23. The Plaintiff's engaging in a protected activity was a determining factor in the Defendant's decision to take away the course.

24. The Plaintiff suffered damages by not being able to teach the course, including but not limited to the loss of income and damage to his personal and professional reputation.

25. Plaintiff has exhausted all requisite administrative remedies prior to bringing this action. Specifically, the Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission and has received a Notice of Right to Sue. (A copy of the Notice of Right to Sue is attached hereto as Exhibit 1) The Plaintiff brings this action more than one hundred eighty days after filing the Charge of Discrimination and within ninety days of receiving the Notice of Right to Sue.

WHEREFORE, based upon the foregoing, the Plaintiff prays:

    a. That the Court take jurisdiction over this action;

    b. That the Court award the Plaintiffs his lost pay and benefits caused by the Defendant's unlawful conduct;

    c. That the Court award the Plaintiff compensatory damages for his mental anguish;

    d. That the Court award the Plaintiff a reasonable attorney's fees and costs in bringing this action.

### COUNT III: INJUNCTIVE RELIEF

26. The Plaintiff incorporates Paragraphs 1-14 as if fully rewritten herein.

27. The Defendant continues to deny the Plaintiff's request for reasonable accommodation to work remotely.

*LaPorte v. St. Petersburg College Board of Trustees*; CPLS FILE 4740-1
Complaint and Demand for Jury Trial; Page 6

28. Requiring the Plaintiff to work on campus can cause the Plaintiff irreparable injury, which cannot be remedied by any monetary value.

WHEREFORE, based upon the foregoing, the Plaintiff prays:

    a. That the Court take jurisdiction over this action;

    b. That the Court order an immediate injunction requiring the Defendant to permit the Plaintiff to work remotely pending the outcome of this case; and

    c. That the Court award the Plaintiff a reasonable attorney's fees and costs in bringing this action.

## JURY TRIAL DEMAND

The Plaintiffs demand a trial by jury on all issues so triable.

Dated this 13th day of January, 2023.

**CPLS, P.A.**
Attorneys | Consultants | Mediators
201 East Pine Street, Suite 445
Orlando, Florida 32801
(407) 647-7887
(407) 647-5396 Fax
CPLS File No. 4740-1
*Attorneys for Plaintiff*

_____
Melissa C. Mihok, Esq.
Florida Bar No. 555851
mmihok@cplspa.com
courtefiling@cplspa.com